CáRUThbRS, J.,
delivered the opinion of the Court.
W. & L. Hickerson. for the use of David Hickerson, obtained sundry judgments, in 1853, before Justices of the Peace, against Larkin Keeling, and among them one lor $492.36. In April, 1855, an execution issued upon this last judgment, which was levied upon a tract of land of 160 acres, which, after condemnation by the court, was sold, the 3rd of September, 1855, and bid off in the name of W. Hickerson, but for the benefit of David Hickerson, as the proof clearly shows. On the 7tli of July, 1857, defendant Hoard, being also a judgment creditor of Keeling, redeemed the land by paying into the office of the clerk of the circuit court of Coffee, the amount of Hickerson’s debt; and filing a receipt for his own judgment, which was something over $200. After two years from the sale had elapsed, Heard obtained the Sheriff’s deed for the land. Soon alter that, this bill was filed by Keeling to set aside the sale and deed, and to be reinstated in his right to the land upon the ground that before the issuance of the execution the said judgment of $492, and all other judgments against him, in favor of Hickerson, had been fully paid and satislied; and indeed, overpaid to the extent of several hundred dollars. And upon taking the account, ordered in this case, it so turns out; and a decree is obtained in favor of Keeling against Hicker- *594 son for near $500, from which ho docs not appeal. The reasons given by the complainant for his delay in assorting his rights in this respect, are sufficient t.o save his case from any objection on that ground. The strict legal rights of the parties must govern the case.
We regard the fact, that the judgment under which the land was sold was satisfied before the issuance of the execution, as well established. It is clear also that the real plaintiff in the case, David Hickerson, was the purchaser of the land. But we are not prepared to concede that the effect upon the sale, and the rights of the parties under it, would not be the same if the nominal party to the record should be regarded as the purchaser. And even if a stranger to the record had bought it, it is by no means clear that the question would be materially changed in a case where the execution is issued upon a judgment fully paid off. This, however, is not the case before us, and is left undecided.
But it is clear and well settled that even where the process is only erroneous or voidable, a purchase by the plaintiff, or his agent, or attorney would be invalid, (2 Caine’s Cases, 61,) though not so with a stranger, without notice in such a case. In the case of Jackson v. Coldwell, 1 Cowen, 622, cited and approved in Waite v. Dolby, 8 Humph., 410, it is decided that a judgment and execution are extinguished by payment, as between the parties, at least; and that a title derived under them could bo defeated in an action of ejectment by proof that the judgment and execution under which the land was sold, had been paid. It was held in Waite v. Dolby that the issuance of an execution for money before the issuance and return of distringas, was such an error, or irregularity, as to avoid a sale of land; at least against the plaintiff in the execution. In this case, which is well sustained by authorities cited, page 409, it is distinctly settled, that a purchaser who sues out oven voidable or erroneous process, acquires no title by his purchase, though such process would protect the Sheriff, and support the title of a stranger, without notice. So in this case, as the plaintiff in *595 the execution was the purchaser, it is immaterial whether the execution be regarded as void, or only voidable.
The only remaining question is, whether the title of Heard by redemption and the Sheriff's deed, is any better than that of the purchaser. There can bo no good reason why he should occupy any higher ground. He is simply substituted by the redemption laws to the place of the purchaser, and gets no other or stronger rights. If, for any reason, the title failed to pass to the original purchaser, he can get none, because he barely steps into his shoes, and is clothed with no other rights. He is, by operation of law, the assignee of the purchaser’s bid, and can only stand upon his rights and can assert no others. If no title passed to the purchaser, none is vested in the person who redeems.
A court of equity can do full justice to all the parties and adjust their respective rights. Heard has paid to David Hickerson the amount of his debt bid upon the land, and at the same time discharged the complainant from his judgment against him. Heard should have a decree'against Hicker-son for the amount improperly paid to him on redemption ; and against complainant for the amount of the debt against him which he bid upon the land. And to settle up the whole matter, the complainant should have a decree over against Hickerson for the amount overpaid to him. These amounts are all ascertained by the report of the Master below.
Upon examination of the exceptions, in view of the question as to the validity of the sale in favor of Heard — Hick-erson having acquiesced in the account — wc think the report, as modified by the chancellor, correct.
Affirm the entire decree of the Chancellor.